FILED

2017 JAN -4 PM 3:19

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELISA GAYLE, on behalf of herself and
those similarly situated,

        Plaintiff,

vs.                            CASE NO.: 6:17-cv-15-ORL-22GJK

GUARDNOW, INC., a Florida Corporation,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DELISA GAYLE on behalf of herself and those similarly situated, by and through the undersigned attorney, sue the Defendant, GUARDNOW, INC., a Florida Corporation, and alleges:

1. Plaintiff, DELISA GAYLE, on behalf of herself and those similarly situated, was an employee of Defendant and brings this action for unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## JURISDICTION AND VENUE

2. This action is brought under the FLSA to recover from Defendant minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

4. Plaintiff was an employee who worked for the Defendant within the last three years in Orange County, Florida.

1



5. Defendant, GUARDNOW, INC., is a Florida Corporation that operates and conducts business, among others, in Orange County, Florida and is therefore, within the jurisdiction of this Court.

## COVERAGE

6. At all material times relevant to this action, Defendant, GUARDNOW, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

7. Defendant, GUARDNOW, INC. provides armed and unarmed security services for commercial businesses, residential customers, construction sites, and international airports. See www.GuardNow.com/services

8. Defendant, GUARDNOW, INC. provides security services in California, Texas, Florida and many other states. See www.GuardNow.com/us/ca/

9. During Plaintiff's employment with Defendant, Defendant, GUARDNOW, INC., earned more than $500,000 per year in gross sales. Defendant, GUARDNOW, INC., employed over 100 employees and paid these employees plus earned a profit from their business.

10. During Plaintiffs' employment, Defendant, GUARDNOW, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as, security scanning/screening devices, radio communication equipment, security weapons, and other items used to run the business.

11. Therefore, Defendant, GUARDNOW, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## PARTIES

12. Plaintiff, DELISA GAYLE, worked for Defendant from approximately October 2016 to December 2016 as an hourly paid security guard at Defendant's Orlando International

Airport location.

13. Plaintiff, DELISA GAYLE, was paid an hourly wage of $9.25 per hour.

## GENERAL ALLEGATIONS

14. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff and those similarly situated employees, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated employees, proper minimum wages.

15. Specifically, Defendant did not compensate Plaintiff and those similarly situated employees their final paychecks, and in some instances, for work performed in the entire month of November.

16. Based upon these above policies, Defendant has violated the FLSA by failing to pay the minimum wages as described above.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated employees, are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF MINIMUM WAGE COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff, and those similarly situated employees, is entitled under the FLSA to be paid the minimum wage for each hour worked during their employment with Defendant.

20. During her employment with Defendant, Plaintiff was not paid the complete minimum wage as a result of Defendant failing to provide a paycheck, direct deposit, or cash to Plaintiff for work performed.

3

21. Specifically, Defendant ceased business operations in Florida, including its Orlando International Airport location, without notice to employees. To that end, Defendant failed to provide wages for, approximately, the final thirty days of its business operations in Florida.

22. Plaintiff, and those similarly situated employees, made several attempts to retrieve their compensation but was met with negative results.

23. As a result of these actions, Plaintiff, and those similarly situated employees, were not paid for all of the hours worked with Defendants in violation of the FLSA.

24. Defendant willfully failed to pay Plaintiff the full minimum wage for all hours worked contrary to 29 U.S.C. § 206.

25. Defendant also failed to properly record and maintain records of all hours worked and amounts paid to Plaintiff and other similarly situated employees in violation of the FLSA.

26. Finally, Defendant failed to post the informational listings for Plaintiff and those similarly situated employees in violation of the FLSA.

27. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

28. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## DEMAND FOR JURY TRIAL

29. Plaintiff, on behalf of herself and those similarly situated employees, demand a trial by jury.

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for unpaid minimum wages, liquidated damages equal to the award or alternatively,

awarding pre-judgment interest, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this \_\_\_29th\_\_\_ day of December, 2016.

_____
Matthew R. Gunter, Esq.
FBN 77459
Aaron M. Hines, Esq.
FBN 81690
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
ahines@forthepeople.com
Trial Attorneys for Plaintiff